## EMPIRE TRUST CO. v. HOEY, Collector of Internal Revenue.

District Court, S. D. New York.

Dec. 30, 1937.

Hughes, Richards, Hubbard & Ewing, of New York City (Francis C. Reed, of New York City, of counsel), for plaintiff.

Leon E. Spencer, Sp. Asst. to Atty. Gen. (William F. Young, Asst. U. S. Atty., of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

This is an action to recover the sum of $16,152.13 alleged to have been wrongfully collected as additional original issue taxes on Independence Fund trust certificates, issued during the period June 21, 1932, to February 14, 1935. By stipulation between counsel, the action was tried without a jury and upon an agreed statement of facts.

It is pertinent to note that, after service of the complaint herein, the defendant, by notice of motion, dated August 12, 1937, moved to dismiss the complaint on the ground that the same failed to state facts sufficient to constitute a cause of action. The motion came on to be heard in this court before Judge Coxe. What was believed to be the sole issue in the case was presented to Judge Coxe for determination, namely, whether an Independence Fund trust certificate is a certificate having "a par or face value," or is a certificate "without par or face value" within the meaning of subdivision 2 of Schedule A of title 8 of the Revenue Act of 1926, as amended by section 722 of the Revenue Act of 1932, 47 Stat. 272, 26 U.S.C.A. §§ 900, 902 notes. In an opinion (Empire Trust Co. v. Hoey, D.C., 18 F.Supp. 475) Judge Coxe, in denying the motion in all respects, held the said Independence Fund trust

certificate to be a certificate "without par or face value."

On May 12, 1937 the defendant served an amended answer which incorporated a "first, distinct and partial defense." It would be superfluous to restate the background of this litigation, since it is comprehensively stated by Judge Coxe in his opinion. The determination that the certificate is one "without par or face value" is the law of the case, and what confronts this court presently is the question of the validity of the "first, distinct and partial defense" interposed in the amended answer.

The partial defense, which is in the nature of a recoupment, alleges in substance that, if the purchasers of trust certificates have made substantial additional payments thereon since payment of the original installment, the value, therefore, has been materially enhanced. If the court should find that the certificates are not taxable as assessed by the Commissioner, that is, on the basis of a par or face value at the time of issuance, then equity requires that the amount recoverable to the taxpayer should be reduced to the extent that additional taxes would have accrued with respect to such additional payments by the certificate purchasers. In other words, the partial defense seeks to impose a separate and distinct original issue tax each time a beneficiary makes a payment.

In order to sustain its partial defense, it is the government's position that there is a theoretical reissuance of a certificate each time a payment is made and cumulative trust shares purchased. So that, if we take the Laura King account as an example, a certificate was issued to her (fictionally) each time she made a payment between June 22, 1932, and February 14, 1935 (32 separate times).

After carefully considering the arguments advanced by plaintiff and the government, I am constrained to hold the partial defense invalid as a matter of law.

It is incumbent upon the court to look for a particular taxing statute, regulation, or decision in order to find support for the tax which the government seeks to impose. The only taxing statute which by construction might embrace this tax is Schedule A(2) of title 8 of the Revenue Act of 1926, as amended by section 722 of the Revenue Act of 1932. See Ranier Nat. Park v. Martin, D.C., 18 F.Supp. 481, 485. An ex-amination of the said statute makes it clear (and it was so held by Judge Coxe) that it was the congressional intent to tax a share or certificate having a dollar or "alleged" value appearing on its face on the basis of that value, and a share or certificate without any such dollar value on the basis of its actual value.

The actual value to be taken is the actual value at the time of the issuance as set forth in article 27, subdivision (d), of the Treasury Regulations 71. It is there provided: "(d). In the case of stock without par or face value the actual value of the stock is to be determined by the market price at the time of issue."

It is apparent, therefore, that the government has indulged in the theory that there is a reissuance of the certificate each time a payment is made and cumulative trust shares purchased, in order to come within the statute and regulation above quoted. I find nothing in the statute to warrant the construction placed upon same by the government. Even if the statute were possibly susceptible to such construction, there is sufficient doubt in my mind to impel me to construe the taxing statute in favor of the taxpayer. McFeely v. Commissioner of Internal Revenue, 296 U.S. 102, 56 S.Ct. 54, 80 L.Ed. 83, 101 A.L.R. 304.

One other point merits discussion. Does equity or good morals justify the fiction employed by the government (theoretical reissuance)? There might be some basis to this argument if could be shown that the periodic purchases enabled the beneficiary of the trust certificates to circumvent the payment of a tax. Evidently in the present case, it is not so. The plaintiff clearly points out that the government is the recipient of four different stamp taxes, namely: (1) When the cumulative trust shares are originally purchased; (2) when the plaintiff purchases cumulative trust shares for the beneficiary; (3) when the plaintiff disposes of the cumulative trust share to or for the account of the beneficiary; and (4) the transfer stamp taxes on the shares of corporate stock underlying cumulative trust shares.

It is the finding of the court that there are no moral or equitable considerations which warrant the imposition of this tax (by way of recoupment).

Judgment directed for plaintiff as demanded in the complaint.